UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UTILITY CONSTRUCTION SERVICES, L.L.C., | § § § § § | |
| Plaintiff, | | |
| v. | § § § | CIVIL ACTION NO. 3:25-CV-1190-B |
| JESSE WALTERS and TEMPEST ENERGY, L.L.C., | § § § § | |
| Defendants. | | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Tempest Energy, L.L.C.'s ("TES")'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 99). For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** all claims against TES **WITHOUT PREJUDICE**.

I.

BACKGROUND

This case arises from an employment dispute. Plaintiff Utility Construction Services LLC ("Utility") claims that Defendant Jesse Walters violated his non-compete by accepting a job at TES. Doc. 80, Second Am. Compl., 1.

TES is an LLC organized under the laws of Louisiana with its principal place of business in Louisiana. *Id.* ¶ 3. Its sole member is a citizen of Louisiana. *Id.* TES has no employees in Texas. Doc. 101, TES App'x, 2.[1] It does not maintain an office in Texas. *Id.* at 2–3. Walters works out of

---

[1] The Court considers the declaration of Michael Huguet, the Chief Financial Officer of Tempest when ruling on this Motion. In deciding whether the plaintiff has established personal jurisdiction, "the district court may consider the contents of the record before the court at the time of the motion, including

-1-

Mississippi and reports to the corporate office in Louisiana. *Id.* at 3. Utility asserts a claim for tortious interference with a contract against TES. Doc. 80, Second Am. Compl., ¶¶ 107–12. TES moves to dismiss the claim for lack of personal jurisdiction. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Personal jurisdiction exists when "the state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id.* (quoting *Johnston*, 523 F.3d at 609).

To satisfy due process, two elements must be met: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it would reasonably anticipate being brought to court there; and (2) the exercise of jurisdiction over the defendant must "comport[] with fair play and substantial justice." *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992) (citations omitted).

## III.

## ANALYSIS

---

affidavits . . . or any combination of the recognized methods of discovery." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (citation omitted).

The Court **GRANTS** TES's Motion to Dismiss and **DIMISSES** all claims against TES for lack of personal jurisdiction. The "minimum contacts" prong of the due process analysis can be met through contacts that give rise to either general or specific jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). "General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). In contrast, specific jurisdiction exists "only when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Gundle*, 85 F.3d at 205. The plaintiff bears the burden of making a prima facie showing that the defendant has minimum contacts with the forum state. *Johnston*, 523 F.3d at 609. Utility has failed to allege either general or specific jurisdiction.

First, TES is not subject to general jurisdiction in Texas because it is not at home in Texas. LLCs are generally only at home in their states of incorporation and principal place of business. *Laday v. Roderick*, No. 1:22-CV-00261, 2023 WL 2188706, at *2 (E.D. Tex. Feb. 23, 2023). TES is an LLC organized under the laws of Louisiana with its principal place of business in Louisiana. Doc. 80, Second Am. Compl., ¶ 3. And its sole member is a citizen of Louisiana. *Id.* Thus, its contacts with Texas must be "continuous, systematic, and substantial" to subject it to general jurisdiction here. *See Marathon Oil Co.*, 182 F.3d at 295. They are not. TES has no employees in Texas and does not maintain an office in Texas. Doc. 101, TES App'x, 2–3. Therefore, TES does not maintain a continuous presence in Texas.

Utility argues that TES is subject to general jurisdiction because TES has attended trade conferences in Texas and received an award for its work on storms in Texas. Doc. 124, Resp., 1–2. These facts do not support a finding of general jurisdiction. Indeed, "the Fifth Circuit has held

that attending trade conferences, even combined with sales of over $100,000 to Texas customers and related trips to Texas to service the equipment did not support a finding of general jurisdiction." *Meeks+Partners Co. v. Amrit Dev., Inc.*, No. 4:07-CV-1933, 2009 WL 10695108, at *4 (S.D. Tex. Jan. 26, 2009) (referring to *Johnston*, 523 F.3d at 611). The Court lacks general jurisdiction over TES.

Utility did not argue that TES was subject to specific jurisdiction in Texas. *See generally* Doc. 124, Resp.; *see also Johnston*, 523 F.3d at 609. Accordingly, the Court grants TES's Motion because Utility failed to allege the Court has personal jurisdiction.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** TES's Motion to Dismiss (Doc. 99) and **DISMISSES** all claims against TES for lack of personal jurisdiction.

**SO ORDERED**.

**SIGNED: August 6, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE